OPINION
Defendant, Javon Jenkins, was indicted on one count of burglary in violation of R.C. 2911.12(A)(1). Jenkins subsequently entered what he claims was an "Alford" no contest plea and was found guilty by the trial court. Jenkins was sentenced to three years imprisonment.
Jenkins timely filed a notice of appeal to this court. His appellate counsel filed a brief per Anders v. California (1967),386 U.S. 738, stating that his review of the record failed to reveal any meritorious issues for appellate review. We notified Jenkins of his appellate counsel's representations and allowed him sixty days to respond pro se. No response from Jenkins has been received.
In his Anders brief, Jenkins' appellate counsel mentions only one arguable issue for appellate review; whether Jenkins should have been allowed to withdraw his plea prior to sentencing.
Although requests to withdraw a guilty or no contest plea made before sentencing should be freely and liberally granted, a defendant does not have an absolute right to withdraw his plea, and there must be a reasonable and legitimate basis for the withdrawal. State v. Xie (1992), 62 Ohio St.3d 521. Therefore, some cause must be shown.
The plea which Jenkins entered was not an Alford plea,because Jenkins did not proclaim his actual innocence.Accordingly, the trial court had no reason to inquire whetherJenkins had made rational, calculated decision to plead guiltydespite his claim that he was innocent. North Carolina v. Alford(1970), 400 U.S. 25; State v. Padgett (1990), 67 Ohio App.3d 332. The plea which Jenkins entered was an ordinary no contest plea which Jenkins elected to enter because the State's case against him was very strong and he lacked any evidence to prove his alleged defense of duress. Jenkins entered his no contest plea in the hope of receiving lenient treatment at sentencing.
Jenkins never made a request to withdraw his no contest plea, and there exists a strong factual basis to support that no contest plea that Jenkins entered. For instance, the victim of this burglary knew Jenkins and identified him. Jenkins' fingerprints were found inside the home that was burglarized. When questioned by police, Jenkins admitted his involvement in this crime. Moreover, Jenkins' no contest plea was knowingly and voluntarily entered, and the trial court fully complied with Crim.R. 11(C)(2) in accepting that plea.
On the record before us, Jenkins has failed to demonstrate any reasonable and legitimate basis for withdrawing his no contest plea, had he made such a request.
In addition to reviewing the issue raised by Jenkins' appellate counsel, we have conducted an independent review of the record in this case. We have been unable to find any prejudicial error in the proceedings of the trial court which deprived Jenkins of a fair trial. Accordingly, the judgment of the trial court will be affirmed.
 ____________________ GRADY, P.J.
BROGAN, J. and YOUNG, J., concur.